CITY OF CINCINNATI, APPELLEE, v. MEADE, APPELLANT.

[Cite as Cincinnati v. Meade (1970), 22 Ohio App. 2d 176.]

(No. 11003—Decided February 2, 1970.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. John S. Moraites,* for appellee.
*Mr. Harry H. McIlwain,* for appellant.

HESS, J. This is an appeal from the Hamilton County Municipal Court in which the defendant, appellant herein, seeks to reverse a judgment of that court finding her guilty of violating Section 2903.08, Revised Code. The parties will be referred to as they appeared in the trial court.

The narrative bill of exceptions discloses that on March 6, 1969, Luther Meade signed an affidavit charging his wife, Juanita Meade, defendant, with child neglect. The defendant waived a jury and was tried by the court, found guilty of violation of Section 2903.08, Revised Code, and sentenced to pay a fine of $50 and serve six months on probation.

It appears from the evidence presented that the defendant and her husband had been experiencing domestic difficulties. The defendant and her husband are the parents of three children, namely, Cindy, age six years; Terry, age ten years; and Diane, age sixteen years. Prior to February 9, 1969, the defendant, her husband and the three children lived together.

On February 9, 1969, the defendant took Terry and Cindy from their home to one Mrs. Julia Wright's home

for the purpose of having Mrs. Wright and her husband, who operated a licensed foster home, care for the two children. After delivering the two children to Mrs. Wright's home, Luther Meade, the defendant's husband, went to Mrs. Wright's home and took Terry back to his home. Cindy remained at Mrs. Wright's foster home.

On February 10, 1969, when Luther Meade returned to his home at about five p. m., Terry and Diane were there, but his wife had left the home and taken some clothing and furniture with her.

At the trial, it was established that Luther Meade and his wife had been separated continuously from February 10, 1969; that Diane continued to live with Luther Meade; and that since February 10, 1969, Terry and Cindy were living at Mrs. Wright's home.

Diane testified that she returned home from school at about 3:30 p. m. on February 10, 1969; that her mother was not at home; that her brother, Terry, returned from school shortly after 3:30 p. m. on February 10, 1969; that her father returned home about 5 p. m. on February 10, 1969; and that the defendant had not returned to the home she left on February 10, 1969, since that day.

The defendant testified that she and her husband had been experiencing domestic difficulties; that she requested her husband to move out of the home, and he refused; that he had refused to give her money to permit her to leave the premises; and that she left her husband, to file for divorce on February 10, 1969, after having arranged for Mrs. Wright to care for the two small children at no charge until she could get a place for them to live with her.

The only assignment of error presented by the defendant is that ''the decision of the court was manifestly against the weight of the evidence.''

Section 2903.08, Revised Code, as amended and effective November 17, 1967, reads, in pertinent part:

''No person having control of or being the parent or guardian of a child under the age of eighteen years or a physically or mentally handicapped child under the age of twenty-one years, nor the husband of a pregnant woman, shall willfully abandon such child or pregnant woman, or

torture, torment, or cruelly or unlawfully punish such child or such pregnant woman, or willfully or negligently fail to furnish such child or such pregnant woman necessary and proper food, clothing, or shelter.''

The pregnant woman feature of this statute is not involved in this case. There is no evidence the children of the defendant were tortured, tormented, cruelly or unlawfully punished, or that they did not receive proper food, clothing or shelter.

The sole question for determination is whether the defendant abandoned her children.

Before there can be a conviction under the abandonment provision of Section 2903.08, it must be proved beyond a reasonable doubt that there was a willful leaving of his or her child or children by the parent charged, with an intention of causing perpetual separation. *In re Kronjaeger*, 166 Ohio St. 172.

There was no evidence presented to the trial court to prove that the defendant willfully abandoned any one of her three children with an intent to cause perpetual separation, or that she willfully or indifferently disregarded a duty owed by her to her children. To the contrary, the evidence is uncontradicted that the defendant did place the two younger children in a good foster home until she could provide another home for them.

In relation to the sixteen-year-old child, it cannot be reasonably argued that leaving her in the custody of her father could be considered as abandoning her. Further, the leaving of the child, Terry, in the home of his father on February 10, 1969, was due to the action of the father in taking him from the foster home.

We conclude that the conviction of the defendant was manifestly against the weight of the evidence. This judgment is reversed and the defendant discharged.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.